CASE 63—PETITION EQUITY—OCTOBER 24.

# J. R. Underwood v. M. H. Dickinson.

### APPEAL FROM BARREN CIRCUIT COURT.

1. FEES AND ALLOWANCES TO MASTER COMMISSIONERS, ETC. —"No master or other commissioner or auditor shall receive more than three dollars per day, except by the consent of parties, for each day he shall be necessarily engaged in the business of his station, to be ascertained by his oath and other evidence." (Section 4, chapter 65, Revised Statutes, 2 Stanton, 140.)
2. *No allowance can be properly made to a master commissioner unless he presents a statement* of the number of days he has been necessarily engaged in the business, with his claim sworn to by himself before some officer authorized by law to administer the oath; and then the claim must be further sustained by other evidence, unless that be dispensed with. This is to be done unless the allowance is made by consent of the parties.

3. The mere expression of an opinion, in a statement produced and filed, by three persons to whom the court referred the matter of the allowance to the commissioner, that in their opinion a specified amount would be a reasonable allowance, is not that character of evidence contemplated by the statute.

4. Unless the commissioners pursue the mode pointed out by the statute, any judgment for an allowance to them will be erroneous, and this court, when the judgment thus obtained is appealed from, must reverse.

5. Circuit courts have jurisdiction to make proper allowances to commissioners without special notice to the parties.

J. R. UNDERWOOD, . . . . . . . . . . For Appellant,

CITED

Revised Statutes, arts. 15–18, chap. 38, 1 Stanton, 526–28.
Revised Statutes, sec. 4, ——, chap. 65, 2 Stanton, 140.
Revised Statutes, art. 22, chap. 27, 1 Stanton, 330.
8 Dana, 43, Claggitt v. Blanchard.
3 Littell, 233, Robinson v. Scott.
5 Dana, 161, Garrison v. Singleton.
4 Dana, 431, Burton v. Gates and wife.
9 Dana, 171, Dunn v. Boyd.
2 Bibb, 389, Morgan's executor v. Morgan.
5 Littell, 349, Scott v. Coleman.
5 Dana, 512, Roberts v. Caldwell.
3 J. J. Marshall, 601, Williams v. Preston.
8 B. Monroe, 139, Cobb v. Haynes.

N. A. SMITH, . . ⎱
LESLIE & BOTTS, ⎰ . . . . . . . . . . For Appellee,

CITED

Revised Statutes, chapter 65, 2 Stanton, 14.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT.

A suit was brought by appellant against A. Spears Brown, etc., to state and settle the accounts of appellant as agent, then as trustee, and finally as executor of James Brown, deceased. The cause was referred to the appellee as master commissioner to audit, state, and settle the accounts of appellant, and report the result of his investigations to court; and to enable him to discharge the duties required of him he was authorized

J. R. Underwood v. M. H. Dickinson.

to examine the books, papers, and vouchers of appellant, and to interrogate him on oath touching the matters referred to him.

At the April term, 1870, of the court the master filed his report, in which he states that appellant exhibited to him his account-books, from which it appears he commenced acting as agent of James Brown, deceased, in the fall of 1815, and continued to act in that capacity until the 4th of May, 1841, when he opened an account on.his books as trustee and executor of Brown. This he continued up to when he commenced selling the trust property under the judgment of the court rendered in this suit, viz., 4th of March, 1869; he then opened an account charging the estate of James Brown, debtor to J. R. Underwood, commissioner acting under the judgment of the Barren Circuit Court in the suit against A. Spears Brown, &c.

Thinking that it would be more satisfactory to the court, and said Underwood consenting thereto, as he says, he proceeds to state the accounts of said Underwood, as shown by his account-books as agent, trustee, and executor, which are as follows; and after copying from appellant's books his accounts as therein exhibited, some eighty-four pages of debits and credits in the ordinary form of accounts, he concludes his report in the following language: "As shown by the foregoing report, J. R. Underwood, as executor, trustee, etc., of Jas. Brown, deceased, has in his hands the sum of $2,059.53. All of which is submitted." And then he signs it officially.

The report was filed on the 7th day of the October term, 1869, of the court, which was ordered to lie over; and on the 9th day of said term it appears that P. H. Leslie, T. M. Dickey, and John S. Bohannon, to whom the court referred the matter as to what allowance should be made to the master commissioner for the report filed in said case, produced and filed a statement that in their opinion one thousand dollars'

would be reasonable; and thereupon a judgment was rendered in favor of appellee for one thousand dollars for his services as commissioner in the case, and appellant ordered to pay the same out of the trust funds in his hands, with the assurance that he should have a credit therefor in the settlement of his accounts as trustee.

On the 20th day of the term appellant appeared in court, and moved to set aside the report and statement of Leslie and others, and to set aside said judgment, and to require said commissioner to state to the court how many days he was actually engaged in making out said report. The court overruled appellant's motion, and adhered to the judgment rendered against him, but suspended the collection of the one half thereof to allow time to the parties to take proof in relation to the value of the services of appellee. Appellant then excepted to the ruling of the court in refusing to set aside the judgment and to the allowance to the commissioner.

At the October term, 1870, of the court appellant produced evidence, in the form of depositions, to show that said allowance to, and judgment in favor of, appellee was too large, and moved the court to reduce the same; but the court refused to sustain his motion, and ordered that part of the former judgment which had been suspended to be paid; to which appellant excepted, and has brought the judgment and rulings of the court below to this court for revision.

By section 1, chapter 65, 2 Revised Statutes, page 140, the circuit court of each county is required once in every four years, and oftener if a vacancy occurs, to appoint a master commissioner for that court; and by section four of the same chapter it is expressly provided that no master or other commissioner (a previous section having provided for the appointment of other commissioners in specified cases, and in the manner therein directed) or auditor shall receive more than *three dollars per day*, except by the consent of the parties, for

each day he shall be necessarily engaged in the business of his station, *to be ascertained by his oath and other evidence.*

The legislature has provided for the appointment of commissioners in every county, fixed their compensation, declared what their pay should be *per diem,* and prescribed the mode by which the number of days he may have been *necessarily* engaged in each case in which he renders services is to be ascertained. These legislative requirements can not be dispensed with by the court unless by the consent of the parties; and no allowance can be properly made to a master commissioner unless he presents a statement of the number of days he has been necessarily engaged in the business, with his claim sworn to by himself before some officer authorized by law to administer the oath, and then the claim must be further sustained by other evidence, unless that be dispensed with. This is to be done unless an allowance is made him by consent of the parties.

There is no difficulty in complying with the requisition of the law. It is not the labor of five minutes to note the number of days, and in every case lawyers are engaged who, if they do not attend the sittings of the commissioner each day, are from their connection with the business prepared to make satisfactory proof to the court of the correctness of the charge. Nor can the commissioners justly complain, for when they accept the appointment they do it with the knowledge of what compensation the law allows them.

It is a noticeable fact that in all the cases which come to this court, which have been referred to the commissioners by the court below, it rarely or never appears in the record that allowances to the masters have been based on their sworn statement of the number of days they were engaged in the business, and without any evidence on the subject. And this court can not be blind to the fact that in many cases allowances have been made to them greatly disproportioned to the

services rendered. This is not said to reflect on circuit judges; but attorneys have permitted the practice to grow up of yielding to allowances to commissioners without scrutiny and without calling the attention of circuit judges to the subject; and unless it is done they can not be expected to examine each case. Nothing is more clearly established by law than the amount of pay commissioners are entitled to *per diem*, and the steps to be taken by them to authorize a judgment therefor in their favor. And unless they pursue the mode pointed out by the statute any judgment for an allowance to them will be erroneous; and this court, when the judgment thus obtained is appealed from, must *reverse*.

Appellant insists that the court below had no jurisdiction to render judgment for the claim of the master, even if it had been properly made out and presented; but that he should proceed to collect his fees as sheriffs and clerks are authorized to collect theirs.

By the rules of the common law a court of chancery could make allowances to its masters and officers of court, and enforce payment thereof by attachment, and that power is not taken away by the statute *supra*. Indeed the act recognizes the power of the court to fix the allowance by providing that the fees of such officers shall be taxed in the bill of costs; and if proof is to be made of the amount, that proof *must be made* to the court for its adjudication. Nor can any inconvenience arise to the parties for the want of notice of the application. They are presumed to be in court; they are aware that the appointment of commissioners will be necessary, and must be presumed to be present when every important order is made.

We do not doubt the jurisdiction of circuit courts in cases like the present to make proper allowances to commissioners without special notice to the parties. But as appellee failed to present a statement of the number of days he was necessarily engaged in making out the report, sworn to by himself,

and other evidence thereof, the court below erred in rendering the judgment in his favor complained of. We can not regard the mere expression of opinion of P. H. Leslie and others as evidence. It is not that character of evidence contemplated by the statute. And from the evidence adduced on the part of appellant the allowance is greatly more than the services performed by appellee were worth. Until the provisions of the statute are complied with appellee can not be allowed anything.

Wherefore the judgment is reversed, and the cause remanded with directions to set aside the same, and for further proceedings consistent herewith.